UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-61105-CIV-DAMIAN

ESVIN ESTUARDO MORALES,

　　Petitioner,

v.

GARRETT RIPA, *et al.*,

　　Respondents.

_____/

ORDER ON PETITION FOR WRIT OF *HABEAS CORPUS*

**THIS CAUSE** is before the Court on Petitioner, Esvin Estuardo Morales's ("Petitioner"), Petition For Writ of *Habeas Corpus* [ECF No. 1] (the "Petition"), filed on April 15, 2026. Respondents filed a Response to this Court's Order to Show Cause [ECF No. 4] on April 21, 2026 [ECF No. 5 ("Response")]. Petitioner filed a Reply on April 27, 2026 [ECF No. 6 ("Reply")].

THE COURT has reviewed the Petition, the parties' briefing, the relevant legal authorities, and the pertinent portions of the record and is otherwise fully advised.

## I.　　BACKGROUND

The background relevant to Petitioner's immigration status and proceedings before the Immigration Court is set forth in the parties' submissions. *See generally* Pet., Resp.

Petitioner is a native and citizen of Guatemala who is currently detained by U.S. Immigration and Customs Enforcement ("ICE") at the Broward Transitional Center ("BTC"). He entered the United States on April 17, 2018, when he entered the country without inspection and was placed in removal procedures which were dismissed on October 1, 2019. Pet. ¶ 99. Prior to the removal proceedings being dismissed in 2019, Petitioner had

been released from detention on his recognizance to report regularly to the ICE/ERO office, a requirement with which he complied. [ECF No. 1-9]. The Petitioner is married to a U.S. citizen and is a beneficiary to his spouse's I-130 petition and has a pending asylum application. *See* ECF Nos. 1-7, 1-8. Petitioner also has a U.S. citizen child and a non-U.S. citizen child who was brought across the border with Petitioner as part of the Family Reunification Act. *See* Pet. ¶ 102. He appears to have no other criminal history apart from the incident that precipitated his detention here. *Id.*

On April 7, 2026, Petitioner was arrested in Brevard County, Florida for operating a motor vehicle without a driver's license. *See id.* ¶ 100. After his relatives paid his bond in full, Petitioner was transferred to BTC and DHS placed Petitioner back in removal proceedings under 8 U.S.C. § 1229a, which is the "full removal proceedings" statute (as opposed to 8 U.S.C. § 1225(b), which is an expedited removal statute). *See id.* ¶¶ 100-01.

On April 15, 2026, Petitioner filed the instant *habeas* Petition, challenging his continued detention under 8 U.S.C. § 1225(b). In the Petition, Petitioner argues, generally, that he is entitled to a bond determination hearing and that 8 U.S.C. § 1226(a) applies to individuals in his circumstances, that is, aliens in the United States who were not lawfully admitted, rather than § 1225, which applies to aliens seeking admission to the United States. *See generally* Pet.

Respondents, on the other hand, argue that Petitioner is an alien seeking admission who is governed by the provisions of § 1225(b)(2) and subject to mandatory detention based on the plain language of the statute and that Petitioner failed to exhaust his administrative remedies. *See generally* Resp. Nonetheless, Respondents acknowledge that courts in this District, including the undersigned, have reached the opposite conclusion. *See id.* at 3-5 (citing

cases concluding that jurisdiction is not barred by 8 U.S.C. § 1252, exhaustion was not required, and that the petitioner's detention is governed by 8 U.S.C. § 1226(a), not 8 U.S.C. § 1225(b)(2)); *Espinal Encarnacion v. ICE Field Office Director, et al.*, No. 25-61898-CIV-DAMIAN, ECF No. 29 (S.D. Fla. Dec. 23, 2025) ("[T]his Court finds that 8 U.S.C. § 1226(a) and its implementing regulations govern Petitioner's detention, and not Section 1225(b)").

## II.    LEGAL STANDARD

District courts have the authority to grant writs of *habeas corpus*. See 28 U.S.C. § 2241(a). *Habeas corpus* is fundamentally "a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citation omitted). A writ may be issued to a petitioner who demonstrates that he is being held in custody in violation of the Constitution or federal law. *See* 28 U.S.C. § 2241(c)(3). This Court's jurisdiction extends to challenges involving immigration-related detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III.    DISCUSSION

At the outset, as noted by Respondents, this Court has previously addressed the issues raised in the Petition in this case in numerous other cases,[1] and as previously indicated, the undersigned agrees with the analysis set forth in *Puga v. Assistant Field Office Director, Krome*

---

[1] *See, e.g.*, *Espinal Encarnacion v. ICE Field Office Director, et al.*, No. 25-61898-CIV-DAMIAN, ECF No. 29 (S.D. Fla. Dec. 23, 2025); *Martinez Gomez v. Diaz, et al.*, No. 25-62236-CIV-DAMIAN, ECF No. 21 (S.D. Fla. Jan. 8, 2026); *Irure-Rodriguez v. Lyons, et al.*, No. 25-62585-CIV-DAMIAN, ECF No. 9 (S.D. Fla. Jan. 20, 2026); *Sultany v. Ripa, et al.*, No. 25-62586-CIV-DAMIAN, ECF No. 12 (S.D. Fla. Jan. 20, 2026); *Gonzalez Ramon v. Lyons, et al.*, No. 26-60064-CIV-DAMIAN, ECF No. 8 (S.D. Fla. Feb. 6, 2026); *Rorres Arevalo v. Noem, et al.*, No. 26-60155-CIV-DAMIAN, ECF No. 7 (S.D. Fla. Feb. 9, 2026); *Torres-Martinez v. Assistant Dir., et al.*, No. 26-60166-CIV-DAMIAN, ECF No. 9 (S.D. Fla. Feb. 11, 2026); *Arcia Alfonso v. GEO Group, Inc., et al.*, No. 26-60286-CIV-DAMIAN, ECF No. 9 (S.D. Fla. Feb. 17, 2026); *Mejia v. Lyons, et al.*, No. 26-60258-CIV-DAMIAN, ECF No. 7 (S.D. Fla. Apr. 3, 2026); *Alvarado Gadea v. Mullin, et al.*, No. 26-60994-CIV-DAMIAN, ECF No. 7 (S.D. Fla. Apr. 28, 2026).

*North Service Processing Center*, in which Chief Judge Cecilia Altonaga determined that "the statutory text, context, and scheme of Section 1225 do not support a finding that a noncitizen is 'seeking admission' when he never sought to do so." No. 25-24535-CIV, 2025 WL 2938369, at *5 (S.D. Fla. Oct. 15, 2025) (Altonaga, C.J.). As the Eleventh Circuit recently acknowledged, the majority of District Courts throughout the country that have analyzed this issue have rejected the Government's position in *Matter of Hurtado*, and "the federal appellate courts are divided as to the applicability of §§ 1225(a) and 1226(a)." *Labrada-Hechavarria v. U.S. Att'y Gen.*, No. 23-13664, 2026 WL 496486, at *2 (11th Cir. Feb. 23, 2026).[2] This Court finds that 8 U.S.C. § 1226(a) and its implementing regulations govern Petitioner's detention, and not Section 1225(b). Therefore, this Court finds that Petitioner is entitled to an individualized bond hearing as a detainee under Section 1226(a).

This Court points out that it is aware that in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026), the Fifth Circuit adopted the BIA's analysis in *Matter of Yajure Hurtado*. This Court is also aware that several District Courts in this State have agreed with the Fifth Circuit's conclusion and that the Respondents have appealed to the Eleventh Circuit district court judgments that 8 U.S.C. § 1226(a) governs detentions under circumstances similar to those presented here. *See Hernandez Alvarez v. Warden, Federal Detention Center Miami*, No. 25-14065 (11th Cir.), and *Cerro Perez v. Assistant Field Office Director*, No. 25-14075 (11th Cir.). In the absence of a binding decision from the Eleventh Circuit or the United States Supreme Court, this Court's analysis does not change based on these cases.

---

[2] "Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants." *Bonilla v. Baker Concrete Const., Inc.*, 487 F.3d 1340, 1345 (11th Cir. 2007).

This Court has also previously addressed Respondents' argument regarding the failure to exhaust administrative remedies under circumstances like those presented here. The exhaustion requirement under 8 U.S.C. § 1252(d)(1) "is not jurisdictional," but prudential. *Kemokai v. U.S. Att'y Gen.*, 83 F.4th 886, 891 (11th Cir. 2023). Generally, "exhaustion is not required where no genuine opportunity for adequate relief exists. . . or an administrative appeal would be futile[.]" *Linfors v. United States*, 673 F.2d 332, 334 (11th Cir. 1982) (alterations added; citations omitted); *see also United States v. Barbieri*, No. 18-cr-20060, 2021 WL 2646604, at *2 (S.D. Fla. June 28, 2021) (Scola, J.) ("The Court recognizes . . . that administrative exhaustion may be unnecessary where the administrative process would be incapable of granting adequate relief." (alteration added; citation omitted)).

The BIA issued *Matter of Yajure Hurtado* as a published decision, and such decisions "serve as precedents in all proceedings involving the same issue or issues." 8 C.F.R. § 1003.1(g)(2); *see id.* § 1003.1(d)(1). Thus, considering *Matter of Yajure Hurtado*, it is obvious that an alien in Petitioner's situation, who has resided in the United States for years prior to his recent detention, but has not been admitted or paroled, will be subject to mandatory detention without bond under Section 1225(b)(2) upon review by the BIA. *See Matter of Yajure Hurtado*, 29 I. & N. Dec. at 221. Many other courts, including those in this District, have found that any exhaustion requirements are excused for futility because the result of Petitioner's bond appeal to the BIA is a foregone conclusion under *Matter of Yajure Hurtado*. *See, e.g.*, *Puga v. Assistant Field Office Dir.*, No. 25-24535-CIV, 2025 WL 2938369, at *2 (S.D. Fla. Oct. 15, 2025) (Altonaga, C.J.); *Ardon-Quiroz v. Assistant Field Dir.*, No. 25-cv-25290, 2025 WL 3451645, at *4-5 (S.D. Fla. Dec. 1, 2025) (Becerra, J.); *Inlago Tocagon v. Moniz*, No. 25-cv-12453, 2025 WL 2778023, at *2 (D. Mass. Sept. 29, 2025); *Vazquez v. Feeley*, No. 25-cv-

01542, 2025 WL 2676082, at *9–10 (D. Nev. Sept. 17, 2025). This Court concurs with the majority of district courts that have addressed the issue that administrative exhaustion would have been futile in these circumstances and that a failure to exhaust does not strip this Court of jurisdiction over the Petition.

Because this Court finds in favor of Petitioner on the first grounds raised in the Petition and will grant the relief he seeks, this Court declines to analyze the other bases for relief asserted in the Petition.

### IV.    CONCLUSION

Accordingly, for the reasons set forth above, it is hereby

**ORDERED AND ADJUDGED** that the Petition [**ECF No. 1**] is **GRANTED IN PART** to the extent that Petitioner requests this Court to direct the Immigration Court to give her a bond hearing. It is further

**ORDERED** that Respondents shall **FORTHWITH** afford Petitioner an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or otherwise release Petitioner. The bond hearing must take place no later than **May 11, 2026**. It is further

**ORDERED** that on or before **May 21, 2026**, Petitioner shall file a Joint Status Report informing this Court of whether Petitioner was given a bond hearing, and if so, the outcome of Petitioner's bond hearing and the status of matters relevant to the Petition. Counsel for the Petitioner shall confer with counsel for the Respondents prior to filing the Status Report and must include a certification therein that the Respondents do not object to the representations made regarding the status of this case. It is further

6

**ORDERED** that the Clerk of Court is **DIRECTED** to **CLOSE** this case for *administrative and statistical purposes only* pending compliance with the instant Order and until further Order of this Court.

This Court retains jurisdiction to address matters that may arise with respect to the Petition, and either party may file a motion to reopen the case should additional relief be sought relating to the Petition or this Order.

**DONE AND ORDERED** in Chambers in the Southern District of Florida, this 29th day of April, 2026.

_____
**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**